IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES MOTTS**                                             **PETITIONER**

**V.**                          **CIVIL ACTION NO. 1:20CV186 HSO-LRA**

**WARDEN BOBBY FAIRLEY**                        **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Charles Motts filed the instant petition for writ of habeas corpus relief on June 30, 2020. Respondent moves to dismiss the petition with prejudice as untimely filed in violation of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Alternatively, Respondent submits that the petition should be dismissed as procedurally defaulted, or without prejudice, for lack of exhaustion. The undersigned recommends that the petition be dismissed as procedurally defaulted.

Petitioner Motts is currently in the custody of the Mississippi Department of Corrections ("MDOC") serving a sentence for a 2014 revocation from the Circuit Court of George County, Mississippi. In November 2012, Motts pleaded guilty to burglary of a dwelling and was sentenced pursuant to his guilty plea to a suspended ten-year term of imprisonment. Pursuant to the terms of the sentencing order, Motts successfully completed the Regimented Inmate Discipline Program ("RID") and was placed on probation for a period of five years. After he was revoked for violating the terms of probation, Motts filed a complaint with MDOC's Administrative Remedy Program

(ARP) in January 2015, challenging MDOC's computation of his sentence. The complaint was denied. Motts did not take any further administrative action.

On July 7, 2015, Motts filed a "Motion to Clarify Sentence" in the George County Circuit Court alleging that the Court imposed an illegal sentence by revoking the remainder of his original sentence. The court construed the motion as a motion for post-conviction relief and denied it on September 28, 2015.[1] The decision was as follows:

> Motts successfully completed RID and was resentenced on July 23, 2013, to ten (10) years suspended with five (5) years' probation, to run concurrently with Jackson County Cause Number 2009-10, 773. Motts's probation was revoked on August 11, 2014, for committing two (2) new crimes, testing positive for controlled substances, not maintaining employment, and failure to pay supervision fees. Motts was revoked to the remainder of his original ten-year sentence.
>
> Motts argues that his revocation sentence is contrary to his original sentencing order and is therefore an illegal sentence. Motts relies solely on the language contained in the last paragraph of his original sentencing order. That paragraph states that if Motts fails to comply with the terms and condition of his probation, the Court can terminate that probation and recommit Motts to MDOC for a period not to exceed the full term of *probation*,[2] which was five (5) years.
>
> Once a probationer is arrested for violating his probation, the Court may, "revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be to be executed or may impose any part of the sentence which might have been imposed at the time of conviction."[3]

---

[1] *Compare Easterling v. State*, 283 So. 3d 1198, 1200 (Miss. Ct. App.), *reh'g denied* (Aug. 27, 2019), *cert. denied,* 283 So. 3d 735 (Miss. 2019) ("An inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review—not by filing a freestanding PCR motion.").

[2] (emphasis in original).

[3] Miss. Code Ann. § 47-7-37(5)(b).

> The Court finds that it is clear from the face of the pleadings that Motts is not entitled to any relief. Therefore, the Motion to Clarify Sentence is hereby DENIED. [4]

Nothing of record reflects that Motts appealed the circuit court's decision to a higher court. Instead, Motts filed the instant petition challenging the MDOC's calculation of his sentence after his probation revocation.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman, Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

To satisfy AEDPA's exhaustion requirement, Motts was required to first complete the MDOC's three-step administrative remedies program. Upon its completion and the receipt of the appropriate certificate, Petitioner was required to appeal the ruling within 30 days, to the appropriate circuit court and then to the Mississippi Supreme Court. *See*

---

[4] ECF No. 8-8.

*generally* Miss. Code Ann. §§ 47-5-801–807; *Easterling*, 283 So. 3d at 1200; *Stokes v. State*, 984 So. 2d 1089 (Miss. Ct. App. 2008) ("After exhausting all administrative remedies, an inmate has thirty days to seek judicial review of the Mississippi Department of Corrections' decision under its Administrative Remedy Program."). The record establishes that Motts did not complete the administrative remedies process before seeking state judicial review, nor did he appeal the circuit court's decision. The time to do either has long since passed. Motts has thus waived his opportunity to have the Mississippi appellate courts review the claims on the merits and has defaulted the claims raised in his federal habeas petition.

When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)); *see also Coleman v. Thompson,* 501 U.S. 722, 736 n. 1. (1991). To overcome the default, Motts would have to show "cause for the default and actual prejudice" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998). No such showing has been made here. Though Motts asserts that he did not understand the exhaustion process in his petition, neither pro se status nor ignorance of the law is sufficient to excuse a procedural default. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("Just as pro se petitioners have managed to use the federal habeas machinery, so too

4

should they be able to master [the] straightforward exhaustion requirement."). Having failed to show an objective cause for his default, the Court need not determine whether prejudice exists. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown.").[5]

Further, he has not shown that failure to consider his claims will result in a "fundamental miscarriage of justice." A miscarriage of justice requires him to show, as a factual matter, that he did not commit these crimes, by presenting new, reliable evidence. *Fairman v. Anderson*, 188 F.3d 645, 644 (5th Cir.1999); *see also Callins v. Johnson,* 89 F.3d 210, 213–214 (5th Cir.1996) ("This miscarriage of justice exception is concerned with actual as compared with legal innocence[.]") (citations and quotations omitted). Motts pled guilty to committing the crimes of his conviction.

However, to the extent Motts argues that his "sentence has expired or his probation, parole or conditional release has been unlawfully revoked" under Miss. Code Ann. § 99-39-27(9),[6] Respondent asserts that Motts may have an available avenue for

---

[5] This Report and Recommendation provides Petitioner with notice that his claims are procedurally defaulted absent either cause and prejudice or a fundamental miscarriage of justice. The fourteen-day objection period provides Petitioner with an adequate opportunity to respond. See *Magouirk*, 144 F.3d at 359 (holding that "the Magistrate Judge's Memorandum and Recommendation placed [the petitioner] on notice that procedural default was a potentially dispositive issue with respect to three of his claims.").

[6] Miss. Code Ann. § 99-39-27(9) governs exceptions to the successive writ bar and provides as follows:

> The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application filed under Section 99-19-57(2), raising the issue of the offender's supervening mental illness before

exhaustion, and his petition should be dismissed without prejudice. The undersigned agrees.

For these reasons, the undersigned recommends that the petition be dismissed with prejudice as procedurally defaulted for failure to exhaust available state remedies, or in the alternative, without prejudice, for lack of exhaustion. Because the undersigned so recommends, Respondent's argument in the alternative that the Petition should be dismissed as untimely need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi,* any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

---

the execution of a sentence of death. A dismissal or denial of an application relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 30, 2020.

                                                    s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE