IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD MOTTS** | § § § | **PETITIONER** |
| v. | § § § | Civil No. 1:20-cv-186-HSO-LGI |
| **WARDEN BOBBY FAIRLEY** | § § § | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [9] AND DISMISSING CASE WITH PREJUDICE

BEFORE THE COURT is United States Magistrate Judge Linda R. Anderson's Report and Recommendation [9], which recommends dismissing this action with prejudice. After due consideration of the Report and Recommendation [9], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [9] should be adopted and that this action should be dismissed with prejudice. In the alternative, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

### I. BACKGROUND

Petitioner Charles Motts ("Petitioner") filed a petition for writ of habeas corpus relief on June 3, 2020. Pet. [1]. Petitioner is currently in the custody of the Mississippi Department of Corrections ("MDOC") serving a sentence for a revocation of probation by the Circuit Court of George County, Mississippi. *Id.* at 5. In November 2012, Petitioner pleaded guilty to burglary of a dwelling and was

sentenced to a suspended ten-year term of imprisonment. Ex. [1-1] at 1. He was placed on a period of probation for five years after successfully completing the Regimented Inmate Discipline program. *Id.* Petitioner's probation was revoked on August 11, 2014, for violating the terms of his probation and he was sentenced to serve the remainder of his sentence in MDOC custody. *Id.* at 3.

Petitioner filed a complaint with MDOC's Administrative Remedy Program ("ARP") challenging the computation of his sentence, which was subsequently denied. Ex. [8-6] at 3, 9-10. Petitioner took no further administrative action but filed a motion to clarify his sentence in George County Circuit Court. Ex. [8-7] at 1. The court construed Petitioner's motion as one for post-conviction relief and denied the request on September 28, 2015. Ex. [8-8] at 2. Petitioner did not appeal the circuit court's decision. Instead, he filed the instant Petition in this Court on June 3, 2020, challenging MDOC's calculation of his sentence after his probation revocation. Pet. [1].

On December 30, 2020, the Magistrate Judge entered a Report and Recommendation [9], recommending that the Court dismiss this action with prejudice as untimely filed in violation of the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (codified as amended in scattered sections of 28 U.S.C.). R. & R. [9] at 1. The Report and Recommendation concluded that Petitioner "waived his opportunity to have the Mississippi appellate courts review [his] claims on the merits and has defaulted the claims raised in his federal habeas petition." *Id.*

at 4. The Report and Recommendation further found that because Petitioner "failed to show an objective cause for his default" or "that failure to consider his claims [would] result in a fundamental miscarriage of justice," *id.* at 4-5 (internal quotation removed), the Petition should be dismissed with prejudice as procedurally defaulted for failure to exhaust available state remedies, or in the alternative, without prejudice for lack of exhaustion. *Id.* at 6.

The Report and Recommendation was mailed to Petitioner at his last known mailing address on December 30, 2020. To date, Petitioner has not submitted any objections to the Report and Recommendation and the time for doing so has passed. L.U. Civ. R. 72(a)(3).

## II.  DISCUSSION

Because Petitioner has not objected to the Magistrate Judge's Report and Recommendation [9], the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g.*, *West v. Astrue*, No. 1:12CV203-LG-JMR, 2014 WL 231991, at *1 (S.D. Miss. Jan. 22, 2014); *Magee v. Comm'r of Soc. Sec.*, No. 1:12CV188 LG-JMR, 2013 WL 4014986, at *1 (S.D. Miss. Aug 6, 2013). The Court need only review the Report and Recommendation [9] and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court finds that the Report and Recommendation [9] is neither clearly erroneous nor contrary to law and that it

should be adopted as the finding of the Court. Petitioner's claims should be dismissed with prejudice as procedurally defaulted or, in the alternative, without prejudice for lack of exhaustion.

### III. CONCLUSION

The Court finds that the Magistrate Judge's Report and Recommendation [9] should be adopted and that this action should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [9], entered in this case on December 30, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner's Petition [1] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as procedurally defaulted or, in the alternative, **WITHOUT PREJUDICE** for lack of exhaustion. The Court will enter a separate Final Judgment in accordance to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE